IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY BELL,<br>            Petitioner,<br>  vs.<br>TINA HORNBEACK, Warden,<br>            Respondent. | No. C 09-2499 WHA (PR)<br>**DISMISSAL WITHOUT PREJUDICE** |

This is a habeas case filed pro se by a state prisoner. She attempts to challenge the governor's reversal of the Board of Parole Hearings' grant of a parole date. Her last state petition, which was a petition for review of the California Court of Appeal's denial of her habeas petition, was denied "without prejudice to filing a petition for writ of habeas corpus in the trail court." That sentence was followed with a citation to *In Re Lawrence*, 44 Cal. 4th 1181 (2008), a recent California Supreme Court decision in which the court held, among other things, that it is a due process violation to deny parole without some evidence subsequent to the commitment offense that the prisoner would be a danger to society if released. *Id.* at 1214. Petitioner presently has a petition pending in San Francisco Superior Court, presumably the one the California Supreme Court said she could file. Among her issues here are claims that the reversal was not supported by "some evidence," issues upon which *In re Lawrence* has an important bearing and which are best resolved first in state court.

///

The Ninth Circuit has held unequivocally that the habeas exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. *Id.* This is true not only in the *Sherwood* fact pattern, where although a state direct appeal was pending the federal issues had been decided by the state courts via another procedural route, but also to this fact pattern, in which a state postconviction proceeding is pending. *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964). Although *Younger* abstention[1] might seem a better rationale for this requirement than exhaustion, *see Phillips v. Vasquez*, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the requirement is nevertheless well-established in this circuit.

The petition must be dismissed without prejudice to refiling it when no further proceedings are pending in the California state courts. *See Sherwood*, 716 F.2d at 634 (if state court action is pending, claims are not exhausted).

## CONCLUSION

Leave to proceed in forma pauperis (document number 5 on the docket) is **GRANTED**. For the reasons set out above, the petition is **DISMISSED** without prejudice.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June   22  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\BELL2499.DSM.wpd

---

[1] *Younger v. Harris*, 401 U.S. 37, 54 (1971).

2